UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

In re:

   Charles Edwin Grove,

         Debtor.

Case No. 18-72143-SCS
Chapter 13

---

## MOTION FOR ENTRY OF AN ORDER EXAMINING DEBTOR'S TRANSACTIONS WITH SYNERGY LAW, LLC AND SCOTT MICHAEL MARINELLI, ESQ. AND ORDERING THE DISGORGEMENT OF FEES, PURSUANT TO 11 U.S.C. § 329 and RULES 2016 AND 2017 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; IMPOSING A $10,000 MONETARY SANCTION ON MR. MARINELLI AND SYNERGY LAW, PURSUANT TO THE INHERENT POWER OF THE COURT AND SECTION 105 OF THE BANKRUPTCY CODE; IMPOSING FINES AND AWARDING STATUTORY DAMAGES TO THE DEBTOR, PURSUANT TO 11 U.S.C. § 110, AGAINST MR. MARINELLI AND SYNERGY LAW; AND DEEMING THE CONTRACT BETWEEN CHARLES EDWIN GROVE AND SYNERGY LAW, LLC VOID AND IMPOSING A CIVIL PENALTY ON SYNERGY LAW, LLC, PURSUANT TO 11 U.S.C. §§ 526(c)(1) AND (5)(b) AND SUPPORTING MEMORANDUM

---

John P. Fitzgerald, III, the Acting United States Trustee for Region Four, by counsel,

moves the Court for entry of an order examining the debtor's transactions with Synergy Law,

LLC ("Synergy Law") and Scott M. Marinelli ("Mr. Marinelli"), and ordering the disgorgement

of fees, pursuant to 11 U.S.C. § 329 and Rules 2016 and 2017 of the Federal Rules of

Bankruptcy Procedure; imposing a $10,000 monetary sanction on Mr. Marinelli and Synergy

Law, pursuant to the inherent power of the Court and section 105 of the Bankruptcy Code;

imposing fines and disallowing and ordering the immediate disgorgement and forfeiture of all

fees received from or on behalf of the debtor within 12 months immediately prior to the filing of

this case and any unpaid fee charged to the debtor, as well as imposing fines and awarding

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the United States Trustee
200 Granby Street, Room 625
Norfolk, VA 23510
(757) 441-6012

statutory damages to the debtor, pursuant to  11 U.S.C. § 110, against Synergy Law and Mr.

Marinelli; and deeming the contract between Charles Edwin Grove and Synergy Law, LLC void

and imposing a $10,000 civil penalty on Synergy Law, pursuant to  U.S.C. §§ 526(c)(1) and

(5)(B).  In support of his motion, the Acting U.S. Trustee states:

1.    This Court has jurisdiction under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. §157(a)

and (b)(1) and 28 U.S.C. §151.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.[1]

### Scott Marinelli and Synergy Law, LLC

2.    Scott M. Marinelli ("Mr. Marinelli") is an attorney who was admitted to the bar of

the State of New Jersey in 2001, but he is currently, and at all times during the events described

herein, was "administratively ineligible" to practice law in New Jersey. Mr. Marinelli was

suspended by the Supreme Court of New Jersey on August 25, 2017, and, on information and

belief, has not been reinstated.[2]

---

[1] The Court's jurisdiction to hear this contested matter was not extinguished by the administrative closing of the case, and the case need not be reopened to adjudicate the motion.  *In re T.H.*, 529 B.R. 112, 134 (Bankr. E.D. Va. 2015)(court's jurisdiction to decide the issue of sanctions is not affected by the status of a case, whether dismissed or closed, or by whether a discharge has been entered).

[2] On information and belief, Mr. Marinelli is awaiting trial in April on multiple felony and misdemeanor offenses. *See* CP-45-CR-0001659-2018, Court of Common Pleas of Monroe County. *Commonwealth of Pennsylvania v. Scott Michael Marinelli*, https://ujsportal.pacourts.us/DocketSheets/CP.aspx. On information and belief, during a recent hearing, on a Motion to Revoke Bail, Chief County Detective Eric Kerchner testified that Mr. Marinelli received $129,000.00 in compensation from Synergy Law between August and December of 2018.

3.      Mr. Marinelli is not a member of the bar of the Commonwealth of Virginia. He is not a member of the bar of the United States District Court for the Eastern District of Virginia or the United States Bankruptcy Court for the Eastern District of Virginia.  At all times relevant to the matters herein, Mr. Marinelli was not eligible to practice before the United States Bankruptcy Court for the Eastern District of Virginia.[3]

4.      At all times relevant herein, Mr. Marinelli engaged in the practice of law using Synergy Law, LLC ("Synergy Law"), and engaged in activities described herein which constitute the unauthorized practice of law in the Commonwealth of Virginia.[4]  On information and belief, at all times relevant herein, Mr. Marinelli directed, authorized, and ratified the actions of Synergy Law and its agents and representatives.

5.      Synergy Law is a limited liability company registered in the District of Columbia with a mailing address of 1101 Connecticut Avenue, NW, Suite 450, Washington, DC, 20036.[5]

---

[3] Mr. Marinelli is subject to the disciplinary authority of Virginia. *See* Va. Rule of Prof. Conduct, 8.5 (Rules apply to one who "provides, holds himself out as providing, or offers to provide legal services in Virginia").  The ethical standards relating to the practice of law in the United States Bankruptcy Court for the Eastern District of Virginia are the Virginia Rules of Professional Conduct. *See* Local Rule 2090-1(I)(version applicable here effective 3/5/18). At all times relevant to the matters herein, foreign attorneys were permitted to appear *pro hac vice* only, with special rules in place for government attorneys and members of the bar of the Western District of Virginia. *See* Local Rule 2090-1(B) Qualifications for Admission and the Right to Practice Before the Court (United States Bankruptcy Court, Eastern District of Virginia)(version 3/5/18).

[5] Mr. Marinelli is also affiliated with an entity called Synergy Attorney Services, LLC, ("Synergy Services"), a Virginia limited liability company with its principal place of business in Manassas, Virginia, and a mailing address of 10562 Talisa Lane, Manassas, Virginia, 20112. The Registered Agent for Synergy Services is United States Corporation Agents, Inc., with a mailing address of 4445 Corporation Lane, Suite 259, Virginia Beach, Virginia, 23462. Its website, http://synergyattorneyservices.com, was recently suspended.  On information and belief, Dave Maresca is an owner and president of Synergy Law, but he is not an attorney.

6.      The registered agent for Synergy Law is United States Corporation Agents, Inc., with a mailing address of 700 12th Street, NW, Suite 700, Washington, DC 20005.

7.      Synergy Law is not, and at all times relevant to the matters herein, was not authorized to conduct business and practice law in Virginia.

8.      To promote and conduct its business, Synergy Law uses an internet website: http://synergylawllc.com.

9.      The website states that "Synergy Law, LLC, is a Full Service Law Firm with a synergetic combination of legal professionals. The firm works with an extensive and experienced nationwide network of Attorneys who are in good standing with each of their respective State Bar Organizations." http://synergylawllc.com/about/ (last accessed 3/20/19).

10.     The website states that Synergy Law's areas of expertise include: (1) Payment Relief, (2) Foreclosure Defense, (3) Relocation Assistance, and (4) Bankruptcy.  *Id*.

11.     With regard to "Bankruptcy", the website states:

Bankruptcy

Filling for bankruptcy couldn't be easier with Synergy Law's amazing lawyers on hand to assistance you through this difficult time. If you have any questions, we're always here to help; contact us.

http://synergylawllc.com/ (last accessed 3/20/19).

12.     Charles Edwin Grove (Mr. Grove) is an "assisted person" within the meaning of 11 U.S.C. § 101(3).

4

13.    Synergy Law is a "debt relief agency" within the meaning of 11 U.S.C. § 101(12A).

14.    Synergy Law provided "bankruptcy assistance" to Mr. Grove within the meaning of 11 U.S.C. § 101(4A).

### *Orders against Marinelli, Synergy Law, LLC and Synergy Law Services, et al*

15.    Various United States Bankruptcy Courts have issued orders against Mr. Marinelli, Synergy Law, Synergy Law Services, and others, including the following[6]:

| United States Bankruptcy Court | Case No. | Action |
|---|---|---|
| District of Maryland (Greenbelt) | Case No. 18-14330 | Marinelli found to be engaged in unauthorized practice of law, ordered to disgorge all fees, found in civil contempt, sanctioned, and ultimately purged contempt by refunding |

---

[6] Numerous motions and complaints are pending against Synergy Law, Marinelli, and associated entities and individuals. *See e.g.* U.S. Bankruptcy Court, E.D.N.C., Greenville Division, AP 19-00014-5-JNC, *Marjorie K. Lynch, Bankruptcy Administrator v. Dave Maresca, Scott M. Marinelli, Monica Chapman, Synergy Law, LLC, and Synergy Attorney Services, LLC*; U.S. Bankruptcy Court, S.D. Ohio (Western Div. Dayton), Case No. 18-32771, *Motion to Determine Excessiveness of Unreasonableness of Fees against Scott M. Marinelli, Esq. and Synergy Law, LLC, its attorneys and Principals*; U.S. Bankruptcy Court Western District of Missouri (Kansas City) Adversary Proceeding # 18-04210-drd *Complaint by United States Trustee against Synergy Attorney Services, LLC, Synergy Law, LLC, Kerrigan Legal, LLC, David Maresca, Megan Anne Kerrigan, Scott M Marinelli, Jeremy J. Deeken*; U.S. District Court Eastern District of Louisiana (New Orleans), Case # 2:19-cv-00204-JCZ-MBN, *Collette v. Synergy Law, LLC* (class action filed against Synergy Law, LLC); U.S. Bankruptcy Court, Southern District of Georgia (Augusta Division); Adv. Pro. No. 18-01013-SDB, *U.S. Trustee v. Dave Maresca, Stephanie Turk, Synergy Law, LLC and Synergy Attorney Services* (complaint filed seeking sanctions and fines under the Bankruptcy Code, as well as an injunction against providing assistance in any future bankruptcy case, 11 U.S.C. §§ 110, 329, 526, 527, 528, and Federal Rule of Bankruptcy Procedure 2017)(defendants presently seeking to set aside entry of default and denial of plaintiff's motion for default judgment).

| | | $3,500 to the debtor |
|---|---|---|
| District of Montana (Butte) | Case No. 18-60092-13<br><br>Case No. 18-60583-13<br><br>Case No. 18-60713-13 | Following issuance of order to show cause by court in three cases, and appeals to the district court, stipulated order entered, providing among other things: that Synergy Law, LCC, to include Synergy Attorneys, LLC, Synergy Law Firm, LLC, and any other affiliated organization, enjoined from practicing law or filing further bankruptcy petitions in the District of Montana without prior permission from the Court;  Marinelli  enjoined from practicing law or filing further bankruptcy petitions in the District of Montana until such time as Marinelli is admitted to the Montana State Bar and the Federal District Court of Montana, and remains in good standing with the Montana State Bar for a period of (1) year prior to filing; fees disgorged to debtors in amounts of $6,000, $2,000 and $2,000; and other monetary awards: appeal dismissed 1/10/19 (Case 9:18-cv-00181-DLC, D. Montana, Missoula Division) |
| Eastern District of<br><br>Pennsylvania | Case No. 17-10381 | U.S. Trustee's Motion granted; Synergy Attorney Services LLC ordered to refund $9,500 to Robert Lee Williams; contract void pursuant to 11 U.S.C. §526 |
| District of Kansas<br><br>(Wichita) | *Lashinsky v. Synergy Law, LLC (In re Gunzinger)*<br><br>Case No. 18-11409, Adv. No. 18-05126 | Default judgment against Synergy Law, granting, among other things: under 11 U.S.C. § 105(a), a fine of $10,000 for contempt of court for violating prior order in which Synergy and any related entity agreed not to act as debt relief agency, until certain conditions were met, and an injunction preventing Synergy or any related entity from acting as a debt relief agency or a bankruptcy petition preparer in any jurisdiction in the United States |

### *Mr. and Mrs. Grove's dealings with Synergy Law*

16.     Mr. Grove is a resident of Portsmouth, Virginia, who worked for many years as an iron worker and ship fitter on submarines and carriers. He suffers from serious, chronic medical conditions.  By April of 2018, Mr. Grove was seriously ill, and he and his wife were facing foreclosure of the family's home in Portsmouth.  Hoping to save their home[7] and to avoid filing bankruptcy, Mrs. Grove called the telephone number she saw in a television advertisement for foreclosure relief, and was connected to Synergy Law.[8]

17.     Acting through various agents, Synergy Law promised to assist Mr. Grove with his delinquent mortgage and provided him with an Engagement Agreement for Legal Representation and a Service/Retainer Agreement, which Mr. Grove "docusigned."[9] Copies of the documents are filed herewith as *Exhibits A* (Engagement Agreement) and *B* (Retainer Agreement).  The Engagement Agreement states that "you have asked our firm, in conjunction with Scott Marinelli, Esq. to act as your attorney." It also provides:

> The Firm, by and through our locally licensed Of Counsel Attorney Network hereby agree that Synergy Law LLC will provide legal services to our national client base pertaining to Client's real estate matter on the terms set forth in this Agreement. All legal representation and attorney services are provided by Synergy Law LLC and our Of Counsel Attorney Network. Our Of Counsel Attorney's are listed herein for our nationwide representation.

*Exhibit A,* filed herewith.

18.     The Engagement Agreement also states:

---

[7] Upon information and belief, the title to the home is in the name of Mr. Grove and his ex-wife.

[8] On information and belief, the ad was likely for Homeowners Protection Services.

[9] The agreements do not appear to have been executed by Synergy Law or Mr. Marinelli.

## 2.  SCOPE OF ENGAGEMENT

> The retainer and monthly recurring fee is for all work to be performed which may include: emails, phone calls, postal mail, consultation to you, and my offices interfacing with your lender. Please be advised however, that if this becomes a court matter we will charge an additional significant fee before proceeding.

*Id*.

19.     Synergy Law also provided a "Service Payment Authorization Form" to Mr. Grove, which he "docusigned," authorizing Synergy Law to withdraw an initial payment of $1,000 and monthly payments of $600 thereafter.  The document is included with other documents, filed herewith as *Exhibit C*.

20.     Synergy Law promised to provide "Foreclosure Defense and Loss Mitigation" services and representation:

> The representation the Client(s) has sought from Law Firm may be time-consuming. In order to provide an understanding of what is involved, the following is the best estimation of the steps involved in the representation:
>
> Description of Services provided under this agreement:
>
> **Foreclosure Defense:**
>
> 1. Initial Consultation and counseling of Client's rights and options regarding their foreclosure action.
> 2. Initial review/evaluation of Complaint and preparation/service and filing of an Answer with applicable affirmative defenses and possibly counterclaims, if applicable.
> 3. Correspondences with the court and opposing counsel, and when required and applicable in our determination.
> 4. In lieu of filing an Answer, circumstances may permit a Pre-Answer Motion for Dismissal, or strategically we may elect to not file an answer immediately.
> 5. Preparation/service of discovery demands, and when required and applicable in our determination.
> 6. Review and analysis of Lender's discovery response, if applicable.
> 7. Examination before Trial, and when required and applicable in our determination.
> 8. Initiation of Motion for Affirmative Relief, and when required and applicable in our determination.
> 9. Motions Seeking Summary Judgment, and when required and applicable in our determination.
> 10. Court Appearances, if applicable.

*Exhibit B*.

21.    The Retainer Agreement provides the following with respect to bankruptcy:

(d) You acknowledge and understand that at some point during the pendency of your loan modification application it may become necessary to file bankruptcy in order to achieve the best result both financially and in retention of your property which you have indicated initially.

*Exhibit B*.  Synergy Law provided Mr. Grove with certain bankruptcy disclosures.  *See Exhibit B*.

22.    The Retainer Agreement sets forth four phases in a "Loss Mitigation Legal Work Summary," including this description of Phase Four, which discusses bankruptcy:

**PHASE 4:**
At all times be constantly evaluating your matter for required litigation issues that may well need to be addressed regarding the foreclosure action if pending as well as the potential need to make an application for bankruptcy protection, in which case as above noted you agree to effectuate a separate retainer agreement if court required but at a minimum continue to make the monthly payment outlined above. If said monthly payment terminates during the pendency of a bankruptcy our firm's representation will be unable to continue as your counsel in that proceeding and we will seek leave of court to withdraw if we have in fact already entered our appearance on your behalf.

*See Exhibit B*.

23.    The agreements Synergy Law provided to Mr. Grove are confusing and misleading.  For instance, with respect to "foreclosure defense," the services referenced in the Retainer Agreement (*Exhibit B*) relate to court proceedings.  In Virginia, most foreclosures are non-judicial, however.  What services are provided to Virginia residents like Mr. Grove?  The language in *Exhibit A* (Engagement Agreement) under the heading "Scope of Engagement" --"if this becomes a court matter we will charge an additional significant fee before proceeding--" is confusing. Bankruptcy is a court matter. The language regarding the debtor's need to "effectuate" a "separate retainer for bankruptcy, if court required," while continuing to make

9

monthly payments to Synergy Law is confusing, especially in Mr. Grove's matter, where

services related to filing bankruptcy constituted the initial services provided and seemingly the

bulk of, if not all, of the services provided. *See* paragraph 23 *supra,* referencing *Exhibit B*.  The

agreements do not provide a clear way to estimate the cost of the services.

24.    On information and belief, Mr. Grove paid a total of $2,800 to Synergy Law for

its services, beginning with the first withdrawal of $1,000 from his bank account on May 9,

2018.  Receipts are filed herewith *as Exhibit D*.  Mr. Grove paid $310 for the chapter 13 filing

fee discussed *infra*.

25.    Mr. Grove and his wife, who assisted him, dealt with various individuals

including "Elvis," Monica Chapman," "Daynesha," "Stephanie," "Marie," and others, all of

whom purported to act under the auspices of, at the direction of, and with the authority of

Synergy Law and Mr. Marinelli.

26.    Mr. and Mrs. Grove did not meet, talk to, or communicate directly with Mr.

Marinelli or any lawyer from Synergy Law during the course of the representation.  All

communications were with representatives of Synergy Law.

27.    Synergy Law promised Mr. Grove that it would provide him with an attorney

licensed in the Commonwealth of Virginia, but, on information and belief, it did not do so.  No

attorney licensed to practice in the Commonwealth of Virginia or admitted to practice before the

United States Bankruptcy Court for the Eastern District of Virginia contacted Mr. Grove with

regard to his representation by Synergy Law.[10]

28.    Mr. Marinelli did not advise Mr. and Mrs. Grove that he was not admitted in

Virginia and could not legally represent Mr. Grove in the United States Bankruptcy Court for the

Eastern District of Virginia.

29.    Mr. Grove believed that Mr. Marinelli was his attorney, and that Synergy Law

was his law firm, and that they were authorized to represent him in Virginia and in the United

States Bankruptcy Court for the Eastern District of Virginia.

30.    The initial foreclosure on the Grove's family home was set for June 21, 2018.

Synergy Law did not obtain a mortgage modification for Mr. Grove.  It did not provide a

successful "foreclosure defense." Instead, it advised Mr. Grove to take credit counseling, and to

file a chapter 13 petition and other bankruptcy documents to stop the pending foreclosure.

Synergy Law e-mailed Mr. Grove the chapter 13 petition and other bankruptcy documents, and

told him exactly what to write on each form, and told him where to file them.

31.    Following the advice and directives of Synergy Law, Mr. Grove took credit

counseling, and filled out the chapter 13 petition, Schedule D, and list of creditors provided by

Synergy Law.  He then filed the documents on June 19, 2018, commencing Case No. 18-72143-

SCS.

32.    The chapter 13 filing Synergy Law orchestrated for Mr. Grove was a "bare bones"

filing, lacking the required documents, *i.e.* Statement of Financial Affairs, Summary of Assets

---

[10] On information and belief, the attorney Mr. Grove hired to assist him with the Synergy Law
debacle did contact certain attorneys, licensed in Virginia, who appeared to be associated with
Synergy Law, but they denied that they had any attorney-client relationship with Mr. Grove.

and Liabilities and Certain Statistical Information, Statement of Current Monthly Income and

Calculation of Commitment Period, Chapter 13 Plan, Schedules A/B, C, E/F, G, H, I, J, and

Declaration Concerning Debtor's Schedules.

33.     Pages 7 and 8 of the petition apply to debtors who file without an attorney and are

designed to ensure that the debtor understands the risks involved in such a filing. By instructing

the debtor to complete these pages, Mr. Marinelli and Synergy Law produced a misleading

bankruptcy filing designed to create the impression that the debtor was filing *pro se*.

34.     Having been informed by the Clerk of the United States Bankruptcy Court that

the filing was deficient, Mr. Grove asked Synergy Law about the deficiencies and was advised

that he did not need any more paperwork, because he wasn't "going all the way" with the

bankruptcy.  This advice confused and troubled Mr. Grove.

35.     On June 21, 2018, the Clerk issued a Notice advising Mr. Grove of the missing

documents.  The Chapter 13 Trustee filed a Motion to Dismiss the case, which was heard on

September 6, 2018.  Mr. Grove attended the hearing,[11] advised the Court of his entanglement

with Synergy Law, and the case was dismissed.

### Mr. Grove seeks help

36.     Devastated by his experience with Synergy Law and with another foreclosure on

the horizon, Mr. Grove sought help from an attorney who was handling certain family law

matters for him.  The attorney contacted Synergy Law on Mr. Grove's behalf, demanded an

accounting, and referred him to a bankruptcy attorney, who prepared and filed a new chapter 13

---

[11] On information and belief, Synergy Law advised Mr. Grove not to attend the hearing in this
Court.

on Mr. Grove's behalf.  The case is currently pending in the United States Bankruptcy Court, for

the Eastern District of Virginia, Norfolk division, Case No. 19-70051-FJS, filed on January 7,

2019.[12]

37.     Mr. Marinelli and Synergy Law, acting through their employees and agents,

engaged in the unauthorized practice of law in this Court and the Commonwealth of Virginia by,

among other things, advising Mr. Grove to take credit counseling, to file chapter 13, to prepare

the petition and other bankruptcy documents, and by providing legal advice in connection with a

pending foreclosure and contemplated bankruptcy filing, in violation of Rule 5.5 of the Virginia

Rules of Professional Conduct.

38.     The unethical conduct of Synergy Law, an entity not authorized to conduct

business or practice law in Virginia, and Mr. Marinelli, an attorney with no active license in

Virginia or anywhere, is so egregious as to make the collection of any fees unconscionable.

39.      The fees charged by Synergy Law and Mr. Marinelli are excessive and

unreasonable.

40.     The fees Mr. Grove paid to Synergy Law and Mr. Marinelli were paid in

contemplation of the filing of a petition under the Bankruptcy Code.

41.     Synergy Law and Mr. Marinelli failed to comply with § 329(a) and Rule 2016 of

the Federal Rules of Bankruptcy Procedure by failing to disclose all fees the debtor paid them

within one year of the filing of the petition.

---

[12]  On information and belief, both attorneys and firms are representing Mr. Grove *pro bono* in
helping him to move forward after the debacle with Synergy Law and Mr. Marinelli.  Mr.
Grove's chapter 13 plan was confirmed on March 14, 2019.

42.    In obfuscating the role of Synergy Law in Mr. Grove's bankruptcy filing, Mr.

Marinelli and Synergy Law violated the duty of candor to this Court and Rules 3.3 and 8.4 of the

Virginia Rules of Professional Conduct.[13]

43.    Mr. Marinelli and Synergy Law are responsible for the actions of the non-

attorneys acting on their behalf. Mr. Marinelli and Synergy Law directed and ratified the actions

of the non-attorneys described herein.

44.    Synergy Law intentionally violated 11 U.S.C. § 526(a)(1) by failing to perform

the services it informed Mr. Grove it would provide in connection with a case under Title 11.

45.    Synergy Law intentionally violated 11 U.S.C. § 526(a)(2) by making statements

which were misleading or, upon the exercise of reasonable care, it should have known were

misleading, including the statements described herein.

---

[13] Rule 3.3, Candor Toward The Tribunal, provides in pertinent part:

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal; …

(e) The duties stated in paragraphs (a) and (d) continue until the conclusion of the proceeding, and apply even if compliance requires disclosure of information protected by Rule 1.6.

Rule 8.3, Misconduct provides:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal or deliberately wrongful act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation which reflects adversely on the lawyer's fitness to practice law;
(d) state or imply an ability to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official; or
(e) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

46.     Synergy Law intentionally violated 11 U.S.C. § 526(a)(3)(B) by, among other things, misrepresenting to Mr. Grove the services it would provide and, indirectly, affirmatively, and by material omission, misrepresenting the benefits and risks that may result if Mr. Grove became a debtor in a case under Title 11.

47.     Synergy Law engaged in a clear and consistent pattern or practice of violating § 526 of the United States Bankruptcy Code.

48.     Synergy Law violated 11 U.S.C. §§ 528(a)(1)(A) and (B) by failing to provide Mr. Grove with a written contract that explains clearly and conspicuously the services it would provide, the fees or charges for such services, and the terms of payment.  On information and belief, Synergy Law also violated 11 U.S.C. § 528(a)(1) by not executing the contract.

49.     Because of the violations of 11 U.S.C. § 526 and 528, the contract[14] is void under 11 U.S.C. § 526(c)(1).  The fees paid should be returned to Mr. Grove.

50.     Cause exists to impose a civil penalty against Synergy Law pursuant to under 11 U.S.C. § 526(c)(5)(B).

51.     Synergy Law and Mr. Marinelli are "bankruptcy petition preparers" within the meaning of 11 U.S.C. § 110(a)(1).[15]

52.     Synergy and Mr. Marinelli prepared "documents for filing," within the meaning of 11 U.S.C. § 110.

---

[14] *Exhibits A* and *B* filed herewith.

[15] Mr. Marinelli holds himself out as an attorney, but does not technically meet the definition of "attorney" as defined in 11 U.S.C. § 101(4), *i.e.* an "attorney, professional law association, corporation, or partnership, *authorized under applicable law to practice law*."  11 U.S.C. § 101(4)(emphasis supplied).

15

53.     Synergy and Mr. Marinelli did not disclose their bankruptcy assistance on any document filed in this case.

54.     Synergy and Mr. Marinelli did not place their signatures on any bankruptcy document prepared for the debtor and filed in this case.

55.      Synergy and Mr. Marinelli did not put identifying numbers on any document prepared for Mr. Grove and filed in this case.

56.      By providing the debtor with legal advice, Synergy Law and Marinelli engaged in fraudulent, unfair, or deceptive conduct.

57.     By failing to disclose their participation in preparing the Mr. Grove's bankruptcy documents, by pretending to operate an actual law firm (Synergy Law), by pretending to be a licensed attorney (Mr. Marinelli), and by preparing false bankruptcy documents for Mr. Grove to sign, Mr. Marinelli and Synergy Law engaged in fraudulent, unfair, or deceptive conduct.

### *Legal Argument*

### *Section 329 and Rules 2016(b) and 2017(a)*

Mr. Marinelli and Synergy Law violated the disclosure requirements imposed by 11 U.S.C. § 329(a) and Rule 2016 (b) of the Federal Rules of Bankruptcy Procedure.  An attorney representing a debtor "in a [bankruptcy] case ... *or in connection with such a case*" must disclose compensation paid "if such payment … was made after one year before the date of the filing of the petition, for services rendered … *in contemplation of or in connection with the case*." 11 U.S.C. § 329(a)(emphasis added). Rule 2016(a) dictates that the statement detailing the compensation shall be filed within 14 days of the order for relief. Fed. R. Bankr.P.2016(b). The court may order the return of excessive fees paid.  11 U.S.C. § 329(b). "[I]f the excessive payment is not property of the estate, then it should be returned to the source of such payment."

*In re Hearn*, 2011 WL 5357849, at 3 (Bankr. M.D.N.C. Nov. 4, 2011).

Professional services were rendered "in contemplation of bankruptcy," if the debtor was influenced by the possibility or imminence of a bankruptcy proceeding." Professional services were rendered "in connection with" bankruptcy, if "the services rendered ... will have an impact on the bankruptcy case. *Id.* (internal citations omitted.) Long ago, the Supreme Court established that one contemplates the thing (*e.g.* a bankruptcy) he seeks to avoid. C*onrad, Rubin & Lesser v. Pender*, 289 U.S. 472, 479 (1933). The court can examine whether, "any payment of money …by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code … to an attorney for services rendered or to be rendered is excessive." F.R.Bankr. Pro. 2017(a).

Section 329 applies to formerly licensed attorneys. *See In re Soulisak*, 227 B.R. 77 (Bankr. E.D. Va. 1998)(formerly licensed attorney ordered to disgorge all fees; he discussed the differences between bankruptcy chapters with debtors, went over the procedure for filing bankruptcy, *etc.*). The obligation to disclose fee payments is in no way limited to attorneys who are counsel of record. *In re Cowan*, 620 F. Supp. 2d 867, 870 (E.D. Tenn. 2009).

Fee disclosure is mandatory. *See generally In re Hooper*, 2001 WL 34054526, (Bankr. E.D. Va., October 29, 2001). Like their statutory predecessors, section 329 and Rule 2017(a) counteract "the temptation of a failing debtor to deal too liberally with his property in employing counsel to protect him" from financial reverses. C*onrad, Rubin & Lesser v. Pender*, 289 U.S. 472, 479 (1933). The disclosure requirements "protect the creditors and the debtor against overreaching by attorneys." *Burd v. Walters* (*In re Walters*), 868 F.2d 665, 668 (4th Cir.1989)(citation and quotation marks omitted).

### *Failure to disclose*

Denial of all fees is ordinarily the appropriate sanction when an attorney fails to file the requisite disclosure. *Id.* "Attorneys who fail to disclose compensation timely should suffer strict and quick consequences including the imposition of sanctions or the disgorgement of all fees paid in the case." *In re Storey*, 2009 WL 2855819, at 3 (Bankr. D.D.C. June 29, 2009) citing *In re Hackney*, 347 B.R. 432, 443 (Bankr.M.D.Fla.2006)(citations omitted). All the compensation Mr. Grove paid to Synergy Law and Mr. Marinelli, whether relating to the pending foreclosure, loan modification, or skeletal chapter 13 filing, was in contemplation of, and in connection with, bankruptcy and should have been disclosed. Accordingly, Synergy Law and Mr. Marinelli must disgorge all fees.

### *Excessive and unreasonable fees*

Synergy Law's and Mr. Marinelli's unethical conduct renders the fees excessive and unreasonable.[16] They knew they were not authorized to assist Mr. Grove with his pressing legal needs. Yet, pretending to be an actual law firm and a licensed attorney, they solicited and

---

[16] The unauthorized practice of law alone is more than sufficient to warrant the disgorgement of fees even without considering the other instances of unethical behavior, including, but not limited to, violations of the following Virginia Rules of Professional Conduct: Rule 1.1, which requires that a lawyer provide "competent representation;" Rule 1.3, which requires that a lawyer act with "reasonable diligence;" Rule 1.4(b), which mandates that a lawyer "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation;" Rule 3.1 which requires that an attorney review the facts of his client's case to determine whether preparing a bankruptcy case for filing is appropriate; and Rule 5.3 which requires, among other things, that a lawyer "having direct supervisory authority over the nonlawyer … make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer." Va. R. Prof. Conduct 5.3.

That Mr. Marinelli and Synergy Law engaged in the unauthorized practice of law is unassailable. *See generally Soulisak*, 227 B.R. at 80 ("[G]iving assistance to the general public in the completion of forms ... or rendering legal advice concerning the completion of these forms constitutes the ... practice of law.").

secured Mr. Grove as a client, and arranged to be paid, automatically and regularly. They

orchestrated a worthless bankruptcy filing, harming Mr. Grove and his family in the process. All

fees received are excessive and must be disgorged. *See In re Brown*, 270 B.R. 43 (Bankr. D.S.C.

2010)(without being admitted to the South Carolina Bar or the U.S. District Court, attorneys

advised debtors about filing for bankruptcy and prepared petition and schedules, engaging in the

unauthorized practice of law)(attorney and firm were jointly and severally liable for disgorging

fees paid, for reasonable attorney fees, and for $3,000 fine to be paid to chapter 7 debtors). *Cf. In

re De Molina*, 2009 WL 5062395 (Bankr. E. D. Va. Dec. 15, 2009)(bankruptcy filing to stop

foreclosure provided the debtor no value and ordered all fees disgorged); Va. Sup.Ct. R. pt. 6 § 1

(2018)(Any fees charged by a person engaged in the unauthorized practice of law are not

collectible in court).

### *The Inherent Power of the Court and Section 105*

The Court possesses the authority to sanction Synergy Law and Mr. Marinelli using its

inherent power and section 105 of the Bankruptcy Code. *In re T.H.*, 529 B.R. 112, 133 (Bankr.

E.D. Va. 2015). *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 519 (4th Cir. 2018) citing

*Goodyear Tire & Rubber Co. v. Haeger*, ⸺ U.S. ⸺, 137 S.Ct. 1178, 1186, (2017)(quoting

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). A bankruptcy court has the "inherent

power, 'incidental to all courts' to 'discipline attorneys who appear before it.'" *Williams v. Lynch*

(*In re Lewis*), 611 F. App'x 134, 136 (4th Cir. 2015)(unpublished) (affirming order suspending

attorney, requiring payment of monetary sanctions, and affording other disciplinary relief). The

Court's inherent power "reaches both conduct before the court and that beyond the court's

confines." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991).  The Court's inherent power

includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.*

The unauthorized practice of law threatens the integrity of the legal profession and the administration of justice. Accordingly, use of the court's inherent power is "rooted [in] considerations of institutional self-defense." *United States v. Johnson*, 327 F.3d 554, 560 (7th Cir.2003), *cert. denied sub nom*, 540 U.S. 1111 (2004) quoting *United States v. Giannattasio*, 979 F.2d 98, 101 (7th Cir. 1992).

A court may order a monetary recovery under its inherent authority for bad faith misconduct by attorneys. *Six v. Generations Federal Credit Union*, 891 F.3d 508, 519 (4th Cir. 2018)(upholding sanctions of $150,000 issued pursuant to inherent authority of court and 28 U.S.C. §1927, against attorneys for crusade to suppress the truth to gain a tactical litigation advantage). "[A] federal court's power to regulate and discipline attorneys appearing before it extends to conduct by **nonlawyers** amounting to practicing law without a license." *United States v. Johnson*, 327 F.3d 554, 560 (7th Cir. 2003), *cert. denied sub nom*, 540 U.S. 1111 (2004)(emphasis added). *Accord Allen v. Fitzgerald for Region Four*, 590 B.R. 352, 356 (W.D. Va. 2018). Courts bear "the responsibility to take action in order to protect the integrity of the [c]ourt, its bar, and the public from ... misconduct." *Id.* (denying attorneys and law firm's motion for stay pending appeal of order revoking privilege of attorney and their law firm to practice before bankruptcy court).

The court must narrowly tailor the exercise its inherent powers, however. In *United States v. Johnson*, the Seventh Circuit considered the propriety of monetary sanctions the district court had imposed on a paralegal firm and its director for their unauthorized practice of law in soliciting and advising criminal defendants, without, or even in contravention of,

20

oversight by the defendants' attorneys. Among other things, the district court had ordered that

the fees paid be returned to the family members of all but two defendants.  Those funds, totaling

$7,000, the court directed to be paid to a charitable organization. The appellate court upheld the

imposition of monetary sanctions, except for the $7,000 payable to the charity.  That portion,

the Seventh Circuit reasoned, did not compensate those wronged by the unauthorized practice

of law and amounted to a fine.  Among other things, the district court had not found that the

appellants acted in bad faith.

> The *Johnson* court's summary on the choice of sanctions bears noting:

> Generally, the harshest of sanctions based on inherent powers have been upheld only in situations involving bad faith, contumacy, or egregious misconduct. *Chambers,* 501 U.S. at 45–46, 111 S.Ct. 2123; *see also Kovilic,* 106 F.3d at 773. Conversely, misconduct that is merely questionable warrants a less severe sanction (no matter how ''dimwitted' 'the offenders or how badly they ''muck up the cases'').

*United States v. Johnson*, 327 F.3d at 563.

Moreover, section 105(a) of the Bankruptcy Code preserves the authority of the court to

act "to prevent an abuse of process." *See In re Rimsat, Ltd.*, 212 F.3d 1039, 1048 (7th Cir. 2000)

(upholding bankruptcy court's authority to sanction attorneys for misconduct under both

inherent power and 11 U.S.C. § 105). Section 105(a) serves as a separate source for sanctions in

its own right, including sanctioning counsel for bad faith or abusive conduct in bankruptcy

proceedings.  *Weiss v. First Citizens Bank & Trust Co*., 111 F.3d 1159, 1171-1172 (4th Cir.

1997), *cert. denied*, 522 U.S. 950 (1997).  *In re Gates*, 2018 WL 1684302, at 2 (Bankr. E.D. Va.

Apr. 5, 2018)(attorney's disruptive and abusive behavior toward court security personnel led

court to bar him from practice and from entering the courthouse for six months). *And see In re*

*Final Analysis, Inc*., 389 B.R. 449 (Bankr D. Md. 2008)(bankruptcy court may use section

105(a) to choose the remedy it finds necessary to curb the abusive unauthorized practice of

law); *In re Tabor*, 583 B.R.155 (Bankr. N.D. Ill. 2018) (refund to debtor of attorneys' fees of $4,432.70, and $4,000 to allow debtor to seek further bankruptcy relief awarded as compensatory damages, pursuant to section 105)(attorneys solicited and orchestrated debtor's second chapter 13 filing in the face of imminent foreclosure without intending to carry out the bankruptcy and to buy time to permit debtor to renegotiate his mortgage, but without helping him do so).

From the inception, Mr. Marinelli and Synergy Law's dealings with Mr. Grove were marked by bad faith and designed to abuse the bankruptcy process.  Their misconduct was egregious.  They falsely represented that they were eligible to represent Mr. Grove in Virginia and in this Court.  They directed Mr. Grove to prepare and file a bare-bones chapter 13 filing, and pay the filing fee, with no intent of helping him move forward with the bankruptcy process. They violated multiple Rules of Professional Conduct, as well as key provisions of the United States Bankruptcy Code designed to protect unwitting individuals, like Mr. Grove, from the predatory tactics of those who traffic in the unauthorized practice of law, and collect hefty fees for doing so.  Rather than helping Mr. Grove, Synergy Law and Mr. Marinelli exacerbated his financial woes. Mr. Grove has spent multiple hours with attorneys trying to understand, address, and rectify the misconduct of Mr. Marinelli and Synergy Law.

Ordinarily, compensatory sanctions, awarded under both the Court's inherent authority and section 105 can be measured by the attorneys' fees the aggrieved party incurred to remedy the offending attorney's misconduct. In *Goodyear Tire & Rubber Co. v. Haeg*er, —— U.S. ——, 137 S.Ct. 1178, 1186, (2017), the Supreme Court held that a federal court, which orders a litigant to pay legal fees to sanction bad faith conduct, using its inherent powers, must limit the award to the fees the innocent party incurred solely because of the misconduct.  Put another way, fees are

limited to those that the party would not have incurred "but for" the bad faith. *See id* at 1183–84.

*Goodyear* should not be read to preclude an award measured by an amount approximate to the

attorneys' fees Mr. Grove would have incurred, merely because of the generosity of the attorneys

helping Mr. Grove rectify Synergy and Marinelli's wrongs.  Under the circumstances, the Court

should impose a monetary sanction of $10, 310[17], payable to Mr. Grove, as compensatory

damages.  Such a sanction will also serve to deter Synergy Law's and Mr. Marinelli's egregious

misconduct and the conduct of others who traffic in the unauthorized practice of law, and protect

the integrity of the Court.

### Section 110[18]

The Bankruptcy Code "significantly regulates the acts of [bankruptcy petition preparers]

and provides severe penalties for violations. 11 U.S.C. § 110; *see also In re Evans*, 413 B.R. 315,

320—23 (Bankr.E.D.Va.2009) (rejecting argument that § 110 violates the Fifth Amendment)."

*In re Bodrick*, 2016 WL 1555593, at 4 (Bankr. W.D.N.C. Apr. 14, 2016).  "The total amount of

sanctions allowed under § 110 for egregious violations can add up to a significant amount of

money."  *Id.*, citing *McDow v. Mayton*, 379 B.R. 601, 607–08 (E.D.Va.2007)(concluding that a

BPP was liable for a maximum sanction of $45,875 but sanctioning the BPP $3375).

Synergy and Mr. Marinelli failed to comply with the following provisions of section 110,

at least ten times:

- (b)(1): failing to sign the bankruptcy documents and print on the bankruptcy documents
their names and address;

---

[17] The $310 represented the filing fee Mr. Grove paid for the worthless chapter 13.

[18]  *See* footnote 15, *supra*.  Section 110 applies because Mr. Marinelli is not technically an
attorney; neither is Synergy Law.

- (c)(1):   failing to place on the bankruptcy documents after the preparers' signatures identifying numbers;[19]

- (e)(2):   offering legal advice and engaging in the unauthorized practice of law;

- (h)(2):   failing to file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately preceding the filing of the case; and

- (h) charging an excessive fee.

### Assessment of Fines

Pursuant to section 110(l)(2), Synergy and Mr. Marinelli should be fined $500 for each failure to comply with subsections (b), (c), (e), and (h).

### Tripling of Fines

Pursuant to section 110(l)(2)(D), the fines assessed against Synergy and Mr. Marinelli must be tripled because they prepared Mr. Grove's bankruptcy documents in a manner that failed to disclose their identities as a bankruptcy petition preparers.

### Fees to be forfeited or disgorged

Pursuant to section 110(h)(3)(B), Synergy and Mr. Marinelli should forfeit all fees charged in this case, because they failed to comply with sections (b), (c), and (e).  Given the fraud and duplicity in this case, no amount of fees is reasonable.

---

[19] Bankruptcy petition preparers must fill out Official Form 119, and sign it under penalty of perjury, "every time they help prepare documents that are filed in the case… A bankruptcy petition preparer who does not comply with the provisions of title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure may be fined, imprisoned, or both. 11 U.S.C. § 110; 18 U.S.C. § 156." Official Form 119.

### *Award of Statutory Damages to the Debtor*

11 U.S.C. § 110(i)(1) provides as follows:

(i)(1) If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor—

(A) the debtor's actual damages;

(B) the greater of—

(i) $2,000; or

(ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and

(C) reasonable attorneys' fees and costs in moving for damages under this subsection.

Because Synergy Law and Mr. Marinelli engaged in fraudulent, unfair, or deceptive conduct, the Court should award statutory damages to Mr. Grove.

### *Sections 526 and 528 and Synergy Law*

Synergy Law's violations of section 526 and 528 of the Bankruptcy Code provide grounds to void the contract between Mr. Grove and Synergy Law.  In addition, the Court should impose a civil penalty on Synergy Law pursuant to section 526 (c)(5). Synergy Law is a "debt relief agency,"[20] which provided "bankruptcy assistance"[21] to Mr. Grove, an "assisted person,"[22]

---

[20] A "debt relief agency" is "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration." 11 U.S.C. § 101(12A).

[21] "Bankruptcy assistance" is defined under Section 101(4A) as "any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under" the Code.

for money.  Accordingly, Synergy Law is governed by the restrictions on "debt relief agencies" enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

Synergy Law violated 11 U.S.C. § 526(a)(1) by failing to provide the services it promised, including failing to provide Mr. Grove with a Virginia attorney and failing to provide services related to a loan modification and bankruptcy.  It violated 11 U.S.C. § 526(a)(2) by advising Mr. Grove to make untrue and misleading statements in the petition, creating the impression that Mr. Grove was proceeding *pro se*.  It violated 11 U.S.C. § 526(a)(3)(B) by misrepresenting to Mr. Grove the benefits and risks that may result if Mr. Grove filed a "bare bones" petition and became a debtor under title 11. *See* 11 U.S.C. § 526(a)(1)-(3). The violations of section 526(a) void the agreement between Synergy Law and Mr. Grove, and the attorneys' fees paid must be returned. 11 U.S.C. § 526(c)(1). Synergy Law also violated 11 U.S.C. § 528(a)(1)(A)(B) by failing to execute a written contract that explains clearly and conspicuously the services such agency will provide to such assisted person and the fees or charges for such services, and the terms of payment. *See generally In re Rodriguez Perez*, 2018 WL 3655656, at 14 (Bankr. D.P.R. July 31, 2018)(when charging hourly, debt relief agency must offer assisted person a reasonable estimated amount, after evaluating his or her specific needs and goals)(debtor relief agency violated § 528(a)(1)(A) and § 528(a)(1)(B)).

The dockets of other United States bankruptcy courts reveal Synergy Law's and Mr. Marinelli's widespread campaign of abuse both of distressed homeowners and the courts, establishing a clear and consistent pattern and practice of violating section 526 of the Bankruptcy

---

[22] Mr. Grove has "primarily consumer debts," and the value of his non-exempt assets is less than $192,450. 11 U.S.C. § 101(3).  *See Charles Edwin Grove,* Case No. 19-70051-FJS, Doc 1, affirming debts are primarily consumer debts and listing $ 72,977.50 in assets.

Code.[23]  The dockets of this Court are beginning to yield additional evidence of their wrong-

doing. *See e.g. In re Ryan L Pigford*, Case 19-70080-FJS (debtor testified that he was assisted by

Synergy Law); *In re Johnson*, Case No. 18-51564-SCS (attorney for debtor in new chapter 13

advised UST that Mr. Johnson paid more than $5,000 to Synergy). Because Synergy Law

"intentionally violated [§ 526], or engaged in a clear and consistent pattern or practice of

violating this section," the Court should impose a civil penalty in the amount of $10,000 on

Synergy Law. 11 U.S.C. § 526(c)(5); *In re Hanawahine*, 577 B.R. 573, 579 (Bankr. D. Haw.

2017) citing *In re Huffman*, 505 B.R. 726, 758 (Bankr. S.D. Miss. 2014).  Section 526(c)(5)(B)

does not prescribe a range or formula for determining the amount of the penalty, but a civil

penalty of $10,000 should deter Synergy Law, Mr. Marinelli, and others from future, similar

misconduct. *See In re Huffman*, 505 B.R. 726, 766 (Bankr. S.D. Miss. 2014).

      WHEREFORE, the Acting United States Trustee respectfully requests that this Court

enter an order:

    A.    examining the debtor's transactions with Synergy Law and Mr. Marinelli, and
ordering the disgorgement and return of all fees the debtor paid to Synergy Law
and Mr. Marinelli;

---

[23] *See e.g.* Adversary Proceeding No. 18-05004, *Samuel K. Crocker v. Ward Rowe Esq and
Associates, Kerrigan Legal LLC, Synergy Law LLC, Synergy Law, Synergy Attorney Services,
LLC,* United States Bankruptcy Court for the District of Kansas) (among other things, imposition
a $10,000 fine against Synergy Law, to be paid to the United States Trustee pursuant to 11
U.S.C. § 526(c)(5)(B); *And see* Case 17-10381(United States Bankruptcy Court, Eastern District
of Pennsylvania)(Synergy Attorney Services LLC ordered to refund $9,500 to debtor; contract
void pursuant to 11 U.S.C. § 526); Adversary Proceeding No. 18-4210, *United States Trustee v.
Synergy Attorney Services, LLC et al* (United States Bankruptcy Court, Western District
Missouri (Kansas City))(default entered against Marinelli and Synergy Law, among others, on
U.S. Trustee Complaint alleging clear and consistent pattern or practice of "similar violations of
§ 526 in other cases.")

B.      imposing a sanction on Synergy Law and Mr. Marinelli under the inherent power
        of the Court and section 105, as compensatory damages, in the amount of
        $10,000, made payable to Mr. Charles Grove;

C.      deeming the contract between Charles Edwin Grove and Synergy Law, LLC void,
        and imposing a civil penalty against Synergy Law, in the amount of $10,000,
        made payable to the United States Trustee Program;

D.      pursuant to 11 U.S.C. § 110(l)(1), imposing a total fine of $15,000 against
        Synergy Law and Mr. Marinelli for the violations of 11 U.S.C. § 110 in the
        instant case, payable to the United States Trustee, for deposit pursuant to 11
        U.S.C. § 110(l)(4)(A), the $5,000 fine having been tripled, pursuant to 11 U.S.C.
        § 110(l)(2)(D);

E.      ordering the immediate forfeiture and turnover by Synergy Law and Mr. Marinelli
        of all fees collected from the debtor, pursuant to 11 U.S.C. § 110(h)(3);

F.      awarding statutory damages to Charles M. Grove, in the amount of $2,000.00,
        pursuant to §110(i)(1), because Synergy Law and Marinelli violated
        §110(e)(2)(A) and engaged in fraudulent, unfair, and deceptive conduct; and
        granting such further relief as the Court deems just.

Dated: March 22, 2019                 Respectfully submitted,

                                      John P. Fitzgerald, III
                                      Acting United States Trustee for Region Four

                                      /s/ Cecelia Ann Weschler
                                      Kenneth N. Whitehurst, III
                                      Assistant U.S. Trustee

                                      Cecelia Ann Weschler
                                      Trial Attorney

CERTIFICATE OF SERVICE

I certify that on March 22, 2019, service of the Motion and exhibits referenced herein on all attorney Users in this case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09.  I certify that on March 22, 2019, I served the Motion and exhibits referenced herein on the following by U.S. Mail, first-class postage prepaid, addressed as follows:

Synergy Law, LLC
1101 Connecticut Avenue, NW, Suite 450
Washington, DC, 20036

Synergy Law, LLC
Registered Agent
United States Corporation Agents, Inc.
700 12th Street, NW, Suite 700
Washington, DC 20005

Scott Marinelli c/o
Synergy Law, LLC
1101 Connecticut Avenue, NW, Suite 450
Washington, DC, 20036

/s/ Cecelia Ann Weschler